**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

OUDOM SOUKCHANH,

       Defendant - Appellant.

No. 06-8018
(D.C. No. 05-CR-240-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Oudom Soukchanh appeals his convictions for Possession with Intent to

Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),

Possession with Intent to Distribute MDMA/Ecstasy in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A), Possession of a Firearm in Furtherance of a Drug

Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A), and Aiding and

Abetting his codefendant in the commission of each of the above listed counts, in

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

violation of 18 U.S.C. § 2. Soukchanh's counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). We **AFFIRM** Soukchanh's convictions, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

On August 17, 2005, Wyoming State Trooper Benjamin Peech stopped Soukchanh and his passenger Latdavanh Sombath near Cheyenne, Wyoming as they were driving east on Interstate 80. Peech initiated the stop because he observed Soukchanh nearly hit another vehicle as he was reading a road atlas, but became suspicious when Soukchanh presented a Georgia driver's license and a document indicating that the car was registered to a Sonephet Vorchak in Kent, Washington. After Soukchanh and Sombath provided inconsistent accounts of their travel plans, Peech asked if they would consent to a search of the vehicle. Both men consented to the search.

During a search of the vehicle's trunk, Peech found several heat-sealed bags hidden in the lining of a modified cooler. At that point he contacted the Division of Criminal Investigation ("DCI") to assist him. Peech continued his inspection, discovering a loaded "Tec-9" pistol under the passenger seat of the car, while waiting for DCI Special Agent Larry Propps to arrive on the scene. When Propps arrived, he logged the gun and the bags into evidence and sent them to the Wyoming Crime Lab for testing. Soukchanh later stipulated that the bags contained 987.3 grams of methamphetamine and 1191.2 grams of Ecstasy. After

being informed of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Soukchanh admitted to Propps that he was delivering the drugs to a destination in Oklahoma and was aware of the firearm in the car.

At trial, Peech, Propps, and Sombath – who pled guilty to the same charges Soukchanh was convicted of – testified against Soukchanh. A jury found him guilty and he was sentenced to 121 months' imprisonment, at the bottom of his Guidelines range. At the sentencing hearing, Soukchanh filed a motion for substitution of counsel, which was denied. He now appeals his convictions.

If counsel conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may so advise the court and request permission to withdraw. <u>Anders</u>, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any argument to the court. If, upon completely examining the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. <u>Id.</u> In the present case, counsel provided Soukchanh with a copy of his appellate brief and Soukchanh has not filed a pro se brief raising any argument.

Counsel's <u>Anders</u> brief raises two potentially appealable issues: ineffective assistance of counsel and insufficiency of the evidence. In this Circuit, except in rare circumstances, ineffective assistance of counsel claims must be presented in

collateral proceedings. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). On direct appeal ineffective assistance of counsel claims are "presumptively dismissible, and virtually all [such claims] will be dismissed." Id. This rule allows a district court to develop the factual record necessary for effective review. See Massaro v. United States, 538 U.S. 500, 505-06 (2003). The present claim does not fall into the narrow category of cases that require no further development and are therefore suitable for review on direct appeal. Cf. United States v. Smith, 10 F.3d 724, 728 (10th Cir. 1993) (deciding an ineffective assistance of counsel claim on direct appeal where defense counsel averred to mistakenly omitting a jury instruction on a lesser included offense). If Soukchanh wishes to pursue this claim further he must do so in a collateral proceeding under 28 U.S.C. § 2255.

We review a challenge to the sufficiency of the evidence to support a conviction de novo, but view all evidence in the light most favorable to the government. United States v. Colonna, 360 F.3d 1169, 1178 (10th Cir. 2004). We must uphold a jury verdict unless no jury could have rationally found the defendant guilty beyond a reasonable doubt. Id. Peech stated under oath that he found drugs and a gun in a car driven by Soukchanh. Propps testified that Soukchanh admitted he knew the drugs and the gun were there. Sombath confirmed that Soukchanh knew the gun was in the car. That evidence, which went uncontroverted, is sufficient to support the jury's verdict.

For the reasons stated above we **AFFIRM** Soukchanh's convictions, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge